(85 South. 712)

**ROWE, Judge of Probate, v. OWEN.**
(4 Div. 875.)

(Supreme Court of Alabama. June 10, 1920.)

District and prosecuting attorneys ⬗3(1)—Statute abolishing county court held not to abolish office of deputy solicitor.

Local Acts 1919, p. 31, repealing Acts 1915, p. 862, in so far as the latter act provided a county court for Coffee county, does not abolish the office of deputy solicitor provided for by section 4, since the duties of the deputy solicitor are not confined to the county court, in view of section 5.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Petition of M. A. Owen, as Deputy Solicitor, for mandamus to be directed to S. N. Rowe, as Judge of Probate, to require him to issue monthly a county warrant payable to Owen as salary at the rate of $750 per annum. From a decree granting the writ, respondent appeals. Affirmed.

W. W. Sanders, of Elba, for appellant.

For rules of statutory construction, see 184 Ala. 28, 63 South. 87; 5 Ala. App. 56, 59 South. 361; 10 Ala. App. 191, 64 South. 637; 182 Ala. 582, 62 South. 28; 179 Ala. 579, 60 South. 280. The law of fees and costs is penal, and no fee can be demanded, except as expressly authorized by law. Section 1353, Code 1907; 109 Ala. 162, 19 South. 503; 131 Ala. 143, 30 South. 453; 192 Ala. 64, 68 South. 419. Under these authorities the local act of 1919, approved February 15, 1919, re-peals Gen. Acts 1915, p. 862, so far as the same applies to Coffee county; and if it does not affect the deputy solicitor as to his office, it certainly repeals the provision for his salary.

M. S. Carmichael, of Montgomery, for appellee.

Section 4, p. 819, Acts 1915, expressly provides for a deputy solicitor, with no intent to have a solicitor pertaining to the county court, as provided in section 7802, Code 1907, and hence the local act of 1919 did not repeal that section. It could not affect his salary, without violating sections 96, 281, and 104, Const. 1901. 172 Ala. 160, 54 South. 605; 54 Ala. 47.

ANDERSON, C. J. The act of 1919 (Local Acts, p. 31) unquestionably repeals the Act of 1915, p. 862, in so far as said act provided a county court for Coffee county. Said former act also attempts to abolish all offices pertaining to said county court, as well as all salaries of the judge and solicitor of said court. Therefore the question arises, Does this act abolish the office of deputy solicitor, as provided by section 4 of the Act of 1915, p. 819, and which said office is held by this appellee? Said section 4, among other things, provides that—

"The several circuit solicitors, except as otherwise provided by law, shall appoint a deputy solicitor in each county of his circuit to represent the state in all cases in the county court and inferior courts and all preliminary proceedings, applications for bail and habeas corpus proceedings in all courts, aid or act for the circuit solicitor before the grand jury and in all matters in the circuit court when requested to do so by the circuit solicitor, and perform all the duties of the circuit solicitor in his absence when so directed by the circuit solicitor, and such deputies may be removed by the circuit solicitor at pleasure."

It must be observed that the appellee is not what is termed a county solicitor, strictly speaking, but is a deputy solicitor and is charged by law with the performance of various and sundry duties besides prosecuting cases in the county court. The act abolishing the county court would, no doubt, abolish all offices pertaining exclusively to said court, and an attempt to expressly do so might be regarded as superfluous; but should we consider this portion of the act, we cannot hold that it was the legislative intent to abolish all offices which carried with them the additional or ex officio duty of holding, attending, or acting generally in the county court, but which was not confined exclusively thereto. The duties of this appellee are not confined to the county court and do not necessarily pertain to the county court in every respect—no more so than

those of the probate judge, sheriff, or circuit clerk—and it would be an anomaly to hold that the Legislature intended to abolish all of these offices, except in so far as the duties of same pertain to the county court. Had this defendant been what is termed a "county solicitor," strictly speaking, and all of his official acts and duties related exclusively to the county court, the office would no doubt be abolished by the act in question; but he holds no such office, and has many duties to perform which do not belong or pertain to the county court.

We may concede that so much of section 6 of the Act of 1919, p. 31, as abolishes the salary of the judge and solicitor of said county court is cognate and germane to the title, but which point we do not decide; yet it necessarily applies only to salaries for county court work, and not to a general salary of the offices connected therewith or to fees and charges not earned in the county court and provided for the discharge of duties disconnected therewith. Section 5 of the Act of 1915, p. 820, provides a general salary for deputy solicitors, and is not confined to services performed by him in the county court, but is intended as compensation for the discharge of the general duties enjoined upon him by section 4 of said act.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.